# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VILLEGAS,<br><br>        Petitioner,<br><br>    v.<br><br>KATHY MENDOZA-POWERS,<br><br>        Respondent. | 1:07-cv-00230 AWI DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 12]<br><br>CERTIFICATE OF APPEALABILITY UNNECESSARY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his denial of parole.

On March 25, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On April 23, 2008, Petitioner filed timely objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, with limited exception.

With respect to Petitioner's objection to "solid offers of employment," the Court agrees

1  that the regulations do not require a "solid offer of employment."  Under the non-exclusive
2  considerations that counsel in favor of suitability for parole is, "Understanding and Plans for
3  Future.  The prisoner has made realistic plans for release or has developed marketable skills that
4  can be put to use upon release."  15 C.C.R. 2402(d)(8).  The regulation does not mention job
5  offers or state that firm job offers are required.  See id.  The BPH mentioned that there was no
6  "firm job offer," but also stated that Petitioner had marketable skills in printing and that the
7  inmate "does have viable parole plans."[1]  See Court's Docket Doc. No. 8-5 at 65:4-10.  Thus, it
8  appears that Petitioner has met the 15 C.C.R. § 2402(d)(8) criteria; there is not "some evidence"
9  to support a contrary finding.

10  Additionally, with respect to unstable social relationships, the Findings and
11  Recommendation correctly state that the BPH found that Petitioner had a history of unstable
12  social relationships due to alcohol abuse.  However, 15 C.C.R. § 2402(c)(3), reads: "Unstable
13  Social History.  The prisoner has a history of unstable or tumultuous relationships with others."
14  Alcohol abuse, in and of itself, is not a relationship with others.  Alcohol abuse, however, may be
15  considered under 15 C.C.R. § 2402(b).[2]  Therefore, the role that alcohol played in the criminal
16  offense and in Petitioner's life was properly considered by the BPH.

17  With these exceptions, the Court agrees with the Findings and Recommendations; there is
18  "some evidence" that Petitioner poses an unreasonable risk of danger to the public.

20  Accordingly, IT IS HEREBY ORDERED that:
21  1.    The Findings and Recommendation issued March 25, 2008, is ADOPTED to the

---

[1] Additionally, it appears that there is an INS hold on petitioner and that he faces deportation.

[2] That section reads:

Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

|   |   |   |
|---|---|---|
| 1 |   | extent consistent with this order; |
| 2 | 2. | The Petition for Writ of Habeas Corpus is DENIED; |
| 3 | 3. | The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent; |
| 4 |   | and, |
| 5 | 4. | A certificate of appealability is not necessary as the instant petition challenged the denial of parole. See Rosas v. Nielsen, 428 F.3d 1229, 1231-1232 (9th Cir. 2005); White v. Lambert, 370 F.3d 1002, 1010-1013 (9th Cir. 2004). |

IT IS SO ORDERED.

**Dated:   May 23, 2008**                      _____/s/ Anthony W. Ishii_____
                                                                    UNITED STATES DISTRICT JUDGE